UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN BONNER,

        Plaintiff,

v.

Case No. 2:17-cv-11694
Hon. Denise Page Hood

HEIDI E. WASHINGTON, FNU SHIELDS,
FNU LAM, FNU WEBB, FNU COOLBAUGH,
FNU DUNLAP, FNU STOLARK, FNU JONES,
FNU THOMPSON, FNU ROMANOWSKI,
MICHAEL S. SZAPPAN, FNU TAYLOR,
FNU RICHARDSON, FNU SCOTT,
ADRIAN GREENE, PATRICK CLARK,
DAWN FRESHCORN, NOAH NAGY,
CYNTHIA VANLAKE, MICHELLE RISLEY,
DAPHNE JOHNSON, DAVEE HUNTER,
FNU OWEN, KIM CARGOR, and FNU BRUSSOW,

        Defendants.
_____/

**OPINION AND ORDER
(1) DISMISSING DEFENDANTS WASHINGTON, ROMANOWSKI,
SZAPPAN, TAYLOR, RICHARDSON, SCOTT, GREENE, CLARK,
FRESHCORN, NAGY, VANLAKE, RISLEY, JOHNSON,
HUNTER, OWEN, CARGOR, AND BRUSSOW,
(2) ADDING J. NIEMIEC AND SERGEANT BURNS AS DEFENDANTS,
(3) DIRECTING SERVICE OF THE COMPLAINT ON DEFENDANTS
SHIELDS, LAM, WEBB, COOLBAUGH, DUNLAP, STOLARK,
JONES, THOMPSON, NIEMIEC, AND BURNS,
(4) DENYING PLAINTIFF'S MOTIONS FOR APPOINTMENT
OF COUNSEL AND OTHER RELIEF [4, 6], AND
(5) GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S MOTION TO ADD PARTIES [5]**

1

## I. Introduction

This matter has come before the Court on plaintiff Brian Bonner's *pro se* civil rights complaint, presumably filed under 42 U.S.C. § 1983. (Document No. 1, filed on May 23, 2017.) Plaintiff is a state prisoner currently housed at the St. Louis Correctional Facility in St. Louis, Michigan.[1] The defendants are state correctional officials, state parole officials, and a private citizen.

Defendant Heidi E. Washington is the Director of the Michigan Department of Corrections. Plaintiff alleges that Ms. Washington conspired with a warden to subject him to retaliation.

Defendants Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson are or were correctional officers at the Reception and Guidance Center in Jackson, Michigan. Plaintiff contends that, while he was confined at the Reception and Guidance Center, Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson threatened to plant weapons on him and to have him killed.

Plaintiff makes no allegations about the remaining defendants, except to say that the nature of his suit is

> malicious prosecution, negligence, false statements, physical assaults, destroyed legal work papers for filings in civil suits, threats to kill, ongoing retaliation, wrongful arrest, wrongful incarceration, false

---

[1] Plaintiff was confined at the Michigan Department of Corrections Reception and Guidance Center in Jackson, Michigan when he filed his complaint. *See* Document No. 1. It appears that shortly afterward, he was transferred to the Carson City Correctional Facility in Carson City, Michigan. *See* Document No. 4.

2

> testimony by state employees under oath, conspiring retaliation in emails, tickets & administrative hearings, malfeasance, [and] [department] corruption [in violation] of civil and U.S. [constitutional] rights.

Compl., Document No. 1, page 2.

Also pending before the Court are three motions, which Plaintiff recently filed. In his first motion (Document No. 4, filed on June 8, 2017), Plaintiff asks to have the Court appoint attorney Arlene Woods as his attorney. The motion also asks for protection and for an investigation into official corruption.

In a second motion (Document No. 5, filed on June 8, 2017), Plaintiff seeks to add his fiancee, Tiffany Tyler, as a plaintiff and to add J. Niemiec and Sergeant Burns as defendants. Niemiec and Burns are employed by the Michigan Department of Corrections at the Carson City Correctional Facility in Carson City, Michigan. Plaintiff alleges that Niemiec tampered with his mail, refused to process his visiting list, denied him protective custody, and retaliated against him for various reasons. Plaintiff asserts that Sergeant Burns wrote retaliatory misconduct reports about Plaintiff.

In a third motion (Document No. 6. filed on June 13, 2017), Plaintiff seeks appointment of counsel and to have attorney Arlene Woods provide evidence of ongoing retaliation and corruption.

## II. Legal Framework

The Court has granted Plaintiff permission to proceed without prepayment of the fees and costs for this action. Pursuant to the Prison Litigation Reform Act of 1996, federal district courts must screen an indigent prisoner's complaint and dismiss the complaint, or any portion of it, if the allegations are frivolous, malicious, fail to state a claim for which relief can be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Flanory v. Bonn*, 604 F.3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F.3d 1032, 1036 (6th Cir. 2001). A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To prevail on a claim under § 1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F.3d 606, 614 (6th Cir. 2014). "]D]amage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what each defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002).

### III. Analysis

The Court begins its analysis with Plaintiff's allegation that defendant Heidi E. Washington conspired with a correctional official to retaliate against him. Plaintiff has not alleged any facts to support this allegation, and "conclusory allegations of retaliatory motive 'unsupported by material facts [are] not . . . sufficient to state . . . a claim under § 1983.' " *Harbin Bey v. Rutter*, 420 F.3d

571, 580 (6th Cir. 2005) (quoting *Gutierrez v. Lynch*, 826 F.2d 1534, 1538–39 (6th Cir. 1987)). The Court, therefore, dismisses Ms. Washington from this lawsuit.

Plaintiff has stated arguable claims against correctional officers Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson, who allegedly threatened to have Plaintiff killed and caused Plaintiff to fear for his life. Compl. at 1. Plaintiff also has stated arguable claims against J. Niemiec and Sergeant Burns. Plaintiff asserts that Niemiec and Burns tampered with his mail, failed to protect him, or retaliated against him by filing false misconduct reports. *See* Document Nos. 5 and 6. The Court, therefore, grants Plaintiff's request to add Niemiec and Burns as defendants and will allow this case to go forward against them and against correctional officers Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson.

The other defendants listed in the complaint are Romanowski, Szappan, Taylor, Richardson, Scott, Greene, Clark, Freshcorn, Nagy, VanLake, Risley, Johnson, Hunter, Owen, Cargor, and Brussow. The complaint does not allege what these defendants did to violate Plaintiff's rights, and even though Plaintiff mentions some of these defendants in a subsequent document, *see* Document No. 12, filed on June 22, 2017, his allegations about these defendants pertain to Plaintiff's violations of the conditions of parole. Because these allegations are unrelated to Plaintiff's claims about the other defendants, the Court summarily

dismisses defendants Romanowski, Szappan, Taylor, Richardson, Scott, Greene, Clark, Freshcorn, Nagy, VanLake, Risley, Johnson, Hunter, Owen, Cargor, and Brussow from this lawsuit pursuant to Federal Rule of Civil Procedure 21 ("On motion or on its own, the court may at any time, on just terms, add or drop a party."). As explained in *George v. Smith*, 507 F.3d 605 (7th Cir. 2007),

> multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits . . . .

*Id*. at 607.

**ORDER**

For the reasons given above, the Court summarily dismisses the following defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A and Federal Rule of Civil Procedure 21: Heidi E. Washington, Mr. Romanowski, Michael S. Szappan, Adrian Greene, Patrick Clark, Dawn Freshcorn, Noah Nagy, Cynthia VanLake, Michelle Risley, Daphne Johnson, Davee Hunter, Kim Cargor, and correctional officers Taylor, Richardson, Scott, Owen, and Brussow.

The Court orders the United States Marshal to serve the complaint and on correctional officers Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson at the Michigan Department of Corrections Reception and Guidance Center in Jackson, Michigan. The Marshal shall serve the complaint on defendants

J. Niemiec and Sergeant Burns at the Carson City Correctional Facility in Carson City, Michigan.

The Court directs the Clerk of the Court to add J. Niemiec and Sergeant Burns as defendants on the Court's official docket.

The Court denies Plaintiff's motion for appointment of counsel, for a federal investigation, and to seal the motion. (Document No. 4.) The motion is denied without prejudice as to Plaintiff's request for appointment of Arlene Woods as counsel. The motion is denied with prejudice as to Plaintiff's requests for a federal investigation and to seal the motion.

The Court grants in part and denies in part Plaintiff's motion to add parties. (Document No. 5.) The motion is granted as to Plaintiff's request to add J. Niemiec and Sergeant Burns as defendants. The motion is denied as to Plaintiff's request to add Tiffany Tyler as a plaintiff.

The Court denies without prejudice Plaintiff's motion for appointment of counsel and to have Arlene Woods produce evidence. (Document No. 6.)

IT IS SO ORDERED.

        S/Denise Page Hood
        Denise Page Hood
        Chief Judge, United States District Court

Dated: August 1, 2017

I hereby certify that a copy of the foregoing document was served upon counsel of record on August 1, 2017, by electronic and/or ordinary mail.

        S/LaShawn R. Saulsberry
        Case Manager