UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**BRIAN BONNER,**

        **Plaintiff,**              **CIVIL ACTION NO. 17-cv-11694**

        **v.**                          **DISTRICT JUDGE DENISE PAGE HOOD**

**HEIDI E. WASHINGTON *et al*.,**      **MAGISTRATE JUDGE MONA K. MAJZOUB**

        **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Before the Court is Plaintiff's "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital." (Docket no. 25.) Defendants have not responded to Plaintiff's Motion. All pretrial matters have been referred to the undersigned for consideration. (Docket no. 43.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to Eastern District of Michigan Local Rule 7.1(f), and issues this Report and Recommendation.

**I.     RECOMMENDATION**

For the reasons that follow, it is recommended that Plaintiff's "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital" (docket no. 25) be **DENIED**.

**II.    REPORT**

Plaintiff Brian Bonner, proceeding *pro se*, filed this prisoner civil rights action, presumably pursuant to 42 U.S.C. § 1983, against multiple defendants on May 23, 2017, claiming violations of his rights under the United States Constitution. (Docket no. 1.) On

August 1, 2017, the court summarily dismissed several defendants and granted Plaintiff's request to add two other defendants. (Docket no. 23.) Accordingly, this matter is proceeding on the following claims alleged by Plaintiff: (1) Defendants Shields, Lam, Webb, Coolbaugh, Dunlap, Stolark, Jones, and Thompson retaliated against Plaintiff by threatening to plant weapons on him and have him killed; (2) Defendant Niemiec tampered with Plaintiff's mail, refused to process his visiting list, denied him protective custody, and retaliated against him for various reasons; and (3) Defendant Burns retaliated against Plaintiff by writing misconduct reports about him. (Docket no. 1; docket no. 5.)

Plaintiff then filed the instant "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital." (Docket no. 25.) In the Motion, Plaintiff alleges that "they" are denying him seizure medication, that he is in pain, and that he needs to go to the hospital. (*Id*. at 1.) He also alleges that unnamed correctional officers left him on the floor for hours while he was choking, suffering from head injuries, in pain, unconscious, and in need of serious medical treatment. (*Id*. at 2.) Plaintiff further alleges that on July 21, 2017, unnamed officers "forced Plaintiff into a seizure," denied him medical treatment, threw him in the hole, and denied him medication, and as a result, he is in serious pain and needs to go to the hospital to have his motor skills, brain, and spinal areas evaluated. (*Id*.)

In determining whether to grant a motion for preliminary injunctive relief, a court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunctive relief; (3) the injunctive relief will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't*, 305 F.3d 566, 573 (6th Cir. 2002) (citation omitted). While these factors are to be balanced, the failure to show a

likelihood of success on the merits is generally fatal. *Id. See also Gonzales v. Nat'l Bd. of Med. Exam'rs*, 225 F.3d 620, 625 (6th Cir. 2000).

"[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (citation omitted). "This is because the purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the *movant contends he was or will be harmed through the illegality alleged in the complaint*." *Id*. (citation and internal quotation marks and alterations omitted; emphasis added). That is, "[i]f the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper." *Rayford v. Millay*, No. 1-14-00122, 2015 WL 2454673, at *1 (M.D. Tenn. May 22, 2015) (citing *De Beers Consol. Mines v. U.S.,* 325 U.S. 212, 220 (1945); *Colvin, supra,* 605 F.3d at 299-300).

Here, Plaintiff's motion for injunctive relief is wholly unrelated to his claims in this matter. Indeed, at no point in his Complaint or in his motion to add Niemiec and Burns as defendants does Plaintiff allege that any of the named defendants in this matter denied him adequate medical care. (*See* docket nos. 1, 5.) Plaintiff has no likelihood of succeeding on the merits of claims that he has not even asserted. Moreover, Plaintiff has been released on parole. *See* docket no. 70; Mich. Dep't of Corr. Offender Tracking Info. Sys. (OTIS).[1] Because Plaintiff is no longer in the custody of the Michigan Department of Corrections and is free to seek his own medical care and go to any hospital he chooses, Plaintiff's motion for preliminary injunctive relief is moot. *See Garrison v. Dutcher*, No. 1:07-cv-642, 2010 WL 1658807, at *1 (W.D. Mich.

---

[1] The Court is permitted to take judicial notice of the information contained on OTIS. *Ward v. Wolfenbarger*, 323 F.Supp.2d 818, 821 n.3 (E.D. Mich. 2004).

Mar. 12, 2010), *report and recommendation adopted*, No. 1:07-CV-642, 2010 WL 1658744 (W.D. Mich. Apr. 23, 2010) (prisoner plaintiff's release from incarceration rendered his claims for injunctive relief moot).  For these reasons, Plaintiff's "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital" (docket no. 25) should be denied.

### III.     NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Eastern District of Michigan Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *U.S. v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).  Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than fourteen days after service of an objection, the opposing party must file a concise response proportionate to the objections in length and complexity.  The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated:  February 6, 2018         s/ Mona K. Majzoub
                                 MONA K. MAJZOUB
                                 UNITED STATES MAGISTRATE JUDGE


**PROOF OF SERVICE**

     I hereby certify that a copy of this Report and Recommendation was served upon Plaintiff and counsel of record on this date.

Dated:  February 6, 2018         s/ Leanne Hosking
                                 Case Manager