# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

BRIAN BONNER,

       Plaintiff,                    CASE NO. 17-11694
                                            HON. DENISE PAGE HOOD

v.

HEIDI E. WASHINGTON ET. AL,

       Defendants.

_____/

## OPINION AND ORDER ADOPTING REPORT AND RECOMENDATION [#72] TO DENY PLAINTIFF'S "EMERGENCY MOTION FOR COURT ORDER TO GO TO OUTSIDE DETROIT RECEIVING HOSPTIAL NON-MDOC CONTRACTED HOSPITAL" [#25]

This matter is before the Court on a Report and Recommendation (Doc #72) filed by Magistrate Judge Mona K. Majzoub on Plaintiff Brian Bonner's "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital" (Doc #25) ("Bonner's motion"). No objections have been filed to the Report and Recommendation, and the time to file objections has passed.

The standard of review by the district court when examining a Report and Recommendation is set forth in 28 U.S.C. § 636. This Court "shall make a *de novo* determination of those portions of the report of the specified proposed findings or recommendations to which an objection is made." 28 U.S.C. § 636(b)(1)(C). The

court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* In order to preserve the right to appeal the magistrate judge's recommendation, a party must file objections to the Report and Recommendation within fourteen (14) days of service of the Report and Recommendation. Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 155 (1985); *Howard v. Sec'y of Health and Human Servs.,* 932 F.2d 505, 508-09 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947, 949-50 (6th Cir. 1981).

In determining whether to grant a motion for preliminary injunctive relief, a court should consider whether (1) the movant has shown a strong or substantial likelihood of success on the merits; (2) the movant will suffer irreparable injury without the injunctive relief; (3) the injunctive relief will cause substantial harm to others; and (4) the public interest will be served if the injunction issues. *Overstreet v. Lexington-Fayette Urban Cnty. Gov't,* 305 F.3d 566, 573 (6th Cir. 2002)(citation omitted). "[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso,* 605 F.3d 282, 300 (6th Cir. 2010)(citation omitted). "This is because the purpose of interim equitable relief is to protect the movant, during the pendency of the action, from being harmed or further harmed in the manner in which the *movant contends he was or will be*

*harmed through the illegality alleged in the complaint."* Id. (citation and internal quotation marks and alterations omitted; emphasis added). That is, "[i]f the plaintiff's claim in the motion for injunctive relief does not relate to the plaintiff's original claim in the complaint, injunctive relief is improper." *Rayford v. Millay,* No. 1-14-00122, 2015 WL 2454673, at *1 (M.D. Tenn. May 22, 2015) (citing *De Beers Consul. Mines v. U.S.,* 325 U.S. 212, 220 (1945); *Colvin, supra,* 605 F.3d at 299-300).

Having reviewed the Magistrate Judge's Report and Recommendation, the Court finds that her conclusions and findings are correct. Plaintiff has been released on parole (Doc #70) and is no longer in the custody of the Michigan Department of Corrections. Plaintiff is free to seek his own medical care and go to any hospital he chooses. Plaintiff's motion for preliminary injunctive relief is moot. *Garrison v. Dutcher,* No. 1:07-cv-642, 2010 WL 165807, at *1 (W.D. Mich. Mar. 12, 2010), *report and recommendation adopted,* No. 1:07-CV-642, 2010 WL 1658744 (W.D. Mich. Apr. 23, 2010) (prisoner plaintiff's release from incarceration rendered his claims for injunctive relief moot). For these reasons, the Court finds that Plaintiff failed to show a likelihood of success on the merits.

Finding no error in the Magistrate Judge's Report and Recommendation, the Court adopts the Report and Recommendation in its entirety. Furthermore, as neither party has raised an objection to the Report and Recommendation, the Court

finds that the parties have waived any further objections to the Report and Recommendation. *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987) (a party's failure to file any objections waives his or her right to further appeal); *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Mona K. Majzoub's Report and Recommendation (Doc #72) is ACCEPTED and ADOPTED as this Court's findings of fact and conclusions of law.

IT IS FURTHER ORDERED that Plaintiff Bonner's "Emergency Motion for Court Order to Go to Outside Detroit Receiving Hospital Non-MDOC Contracted Hospital" (Doc #25) is DENIED.

IT IS ORDERED.

S/Denise Page Hood  
Denise Page Hood  
Chief Judge, United States District Court

Dated: March 27, 2018

I hereby certify that a copy of the foregoing document was served upon counsel of record on March 27, 2018, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry  
Case Manager